UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW VAN DYKE,<br><br>          Plaintiff,<br><br>   v.<br><br>SACRAMENTO POLICE DEPARTMENT,<br><br>          Defendant. | No. 2:19-cv-01900-TLN-KJN (PS)<br><br>ORDER GRANTING IFP AND DIRECTING SERVICE<br><br>(ECF No. 2) |

      Plaintiff, who is proceeding without counsel in this action, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of his request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915. Accordingly, the Court grants Plaintiff's request to proceed in forma pauperis.

      The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the Court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). A court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000) (en banc); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984). Nevertheless, leave to amend need not be granted when further amendment would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Liberally construed, Plaintiff's Complaint asserts that officers from the Sacramento Police Department used excessive force in arresting Plaintiff, in violation of his Fourth Amendment rights. (See ECF No. 1.) Based on the limited record, the Court cannot conclude that Plaintiff's

action is frivolous, that the Complaint fails to state a claim on which relief can be granted, or that Plaintiff seeks monetary relief from an immune defendant. The Court reserves decision as to Plaintiff's claim until the record is sufficiently developed, and this order does not preclude any Defendant from challenging Plaintiff's Complaint through a timely motion pursuant to Federal Rule of Civil Procedure 12 or other appropriate method of challenging Plaintiff's pleading. Accordingly, the Court orders service of the Complaint on the named Defendants.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Service of the Amended Complaint is appropriate for the named Defendant;
3. The Clerk of Court is directed to issue forthwith all process pursuant to Federal Rule of Civil Procedure 4;
4. The Clerk of Court shall send Plaintiff one USM-285 form, one summons, this Court's scheduling order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes;
5. Plaintiff is advised that to effectuate service, the U.S. Marshal will require:
    a. One completed summons;
    b. One completed USM-285 form for each Defendant to be served;
    c. A copy of the Complaint for each Defendant to be served, with an extra copy for the U.S. Marshal; and
    d. A copy of this Court's scheduling order and related documents for each Defendant to be served;
6. Plaintiff shall supply the U.S. Marshal, within 30 days from the date this order is filed, all information needed to effectuate service of process, and shall, within 10 days thereafter, file a statement with the Court that such documents have been submitted to the U.S. Marshal;
7. The U.S. Marshal shall serve process, with copies of this Court's scheduling order and related documents, within 90 days of receipt of the required information from Plaintiff, without prepayment of costs;

8. If a Defendant waives service, the Defendant is required to return the signed waiver to the U.S. Marshal. The filing of an answer or a responsive motion does not relieve a Defendant of this requirement, and the failure to return the signed waiver may subject a Defendant to an order to pay the costs of service by the U.S. Marshal; and

9. Failure to comply with this order may result in any appropriate sanctions, including monetary sanctions and/or dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: November 21, 2019

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1900.IFP