1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MATTHEW VAN DYKE,                    No.  2:19-cv-01900-TLN-KJN PS

12              Plaintiff,

13        v.                              FINDINGS AND RECOMMENDATIONS
                                          AND ORDER
14   SACRAMENTO POLICE
     DEPARTMENT,
15
                Defendant.
16

17        Plaintiff filed the present action against a single defendant, the Sacramento Police

18   Department.  (ECF No. 7.)  On November 21, 2019, the court granted plaintiff's request to

19   proceed in forma pauperis and directed him, within 30 days, to supply the Marshal with necessary

20   forms to effectuate service.  (ECF No. 9.)  Plaintiff was ordered to file a statement with the court

21   that these forms were sent to the Marshal within 10 days of submission.  (Id.)  The court also set a

22   status conference in this case for April 2, 2020.  (ECF No. 11.)  The parties were ordered, within

23   7 days of the conference, to file status reports with the court.  (Id.)  All of these deadlines have

24   passed and plaintiff has failed to file any of the required documents.  On March 27, 2020, the

25   court ordered plaintiff, within 14 days, to show cause in writing as to why this action should not

26   be dismissed due to plaintiff's failure to comply with court orders and failure to prosecute this

27   matter.  Plaintiff has not responded to this order.  Thus, the court RECOMMENDS dismissal for

28   failure to prosecute.

1

1   DISCUSSION

2       Eastern District Local Rule 183(a) provides, in part:

3       Any individual representing himself [] without an attorney is bound by the Federal
        Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.
4       All obligations placed on "counsel" by these Rules apply to individuals appearing
        in propria persona.  Failure to comply therewith may be ground for dismissal,
5       judgment by default, or any other sanction appropriate under these Rules.

6   See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

7   same rules of procedure that govern other litigants") (overruled on other grounds).  A district

8   court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to

9   Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or

10  fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local

11  rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act

12  sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S.

13  Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action

14  pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute

15  or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52,

16  53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground

17  for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal

18  Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with

19  any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th

20  Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets

21  and may impose sanctions including dismissal or default).

22      A court must weigh five factors in determining whether to dismiss a case for failure to

23  prosecute, failure to comply with a court order, or failure to comply with a district court's local

24  rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:

25              (1) the public's interest in expeditious resolution of litigation; (2)
                the court's need to manage its docket; (3) the risk of prejudice to
26              the defendants; (4) the public policy favoring disposition of cases
                on their merits; and (5) the availability of less drastic alternatives.
27

28

2

1    Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

2          Here, the first two factors weigh in favor of dismissal, because this case has already been

3    delayed by plaintiff's failure to take the steps necessary to move this case forward.  The third

4    factor also slightly favors dismissal, because, at a minimum, defendant has been deprived of an

5    opportunity to prepare its defense.  With the passage of time, witnesses' memories fade and

6    evidence becomes stale.

7          Furthermore, the fifth factor, availability of less drastic alternatives, favors dismissal,

8    because the court has already attempted less drastic alternatives.  Specifically, the court,

9    cognizant of plaintiff's pro se status and in lieu of dismissal, ordered plaintiff to respond as to

10   why this matter should not be dismissed.  (ECF No. 13.)  The court specifically instructed

11   plaintiff that his failure to respond would result in a recommendation for dismissal.  (Id.)  Further,

12   the court's mail was returned as undeliverable, and plaintiff has not informed the court of any

13   change of address.  See L.R. 182(f) (imputing a duty on parties to notify the court and parties of

14   any change of address).  Simply, plaintiff has been incommunicado since he filed his first

15   amended complaint, leaving the court with little alternative but to recommend dismissal.

16         Finally, as to the fourth factor, the public policy favoring disposition of cases on their

17   merits, that factor is outweighed by the other Ferdik factors.  Indeed, it is plaintiff's own failure to

18   prosecute the case and comply with the rules that precludes a resolution on the merits.

19   CONCLUSION

20         Therefore, after carefully evaluating the Ferdik factors, the court concludes that dismissal

21   is appropriate.

22         Accordingly, IT IS HEREBY RECOMMENDED that:

23         1.   The action be dismissed pursuant to Federal Rule of Civil Procedure 41(b); and

24         2.   The Clerk of Court be directed to close this case.

25         In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading,

26   discovery, and motion practice in this action are stayed pending resolution of the findings and

27   recommendations.  With the exception of objections to the findings and recommendations and

28   any non-frivolous motions for emergency relief, the court will not entertain or respond to any

3

1   motions and other filings until the findings and recommendations are resolved.

2   These findings and recommendations are submitted to the United States District Judge

3   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

4   days after being served with these findings and recommendations, any party may file written

5   objections with the court and serve a copy on all parties.  Such a document should be captioned

6   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

7   shall be served on all parties and filed with the court within fourteen (14) days after service of the

8   objections.  The parties are advised that failure to file objections within the specified time may

9   waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th

10   Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

11   IT IS SO ORDERED AND RECOMMENDED.

12   Dated:  May 4, 2020

13

14   1900.F&R ftp

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4